**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-10159 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00557-HG |
| v. | |
| JAMES PUA AGLIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted June 12, 2006
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

James Pua Aglia was convicted of possession of counterfeit money in violation of 18 U.S.C. § 472 and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Aglia was sentenced to 120 months in prison.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

We affirm Aglia's conviction, but we vacate his sentence and remand for further proceedings.

Aglia contends that his conviction is unlawful because the district court allowed the government to call a witness, Keiko Rivera, who was not included on its pre-trial witness list. Although a court *can* strike a witness who is not properly disclosed, the decision is left to the district court's discretion. *See United States v. Talbot*, 51 F.3d 183, 187-88 (9th Cir. 1995). Allowing Rivera to testify was not an abuse of discretion, because the government offered a credible reason for its failure to identify Rivera in its earlier disclosures and appears to have acted in good faith.

The district court did not commit reversible error when it refused to grant a continuance to allow Aglia to prepare to cross-examine Rivera and instead required the government to call Rivera on the last day of trial. The district court probably should have granted the continuance, because Rivera's testimony forced Aglia to alter his trial strategy dramatically and the delay was not the defendant's fault. *See United States v. Robinson*, 967 F.2d 287, 291 (9th Cir. 1992). But Aglia has not pointed to any evidence that could have been obtained if the continuance had been granted that would have helped him cross-examine Rivera. *See United States v. Gonzales-Rincon*, 36 F.3d 859, 865 (9th Cir. 1994).

Moreover, Rivera had already made clear that he did not wish to speak with Aglia's counsel, as was his prerogative. Because Aglia has not shown prejudice, any error in failing to grant a continuance is not grounds for reversal. *See id.*

Nor did the district court violate Aglia's Sixth Amendment right to counsel by refusing to continue Aglia's case. The district court's refusal to grant a continuance was not "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay," *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (internal quotations and citations omitted); rather, the district court reasonably concluded that Aglia's counsel would be prepared to cross-examine Rivera as long as Rivera was called on the last day of trial. As noted above, Aglia has made no argument to suggest that his attorney was unprepared or ineffective in his examination of Rivera. Accordingly, we affirm Aglia's conviction.

As to Aglia's sentence, we conclude that Aglia received sufficient notice under Federal Rule of Criminal Procedure 32(h) that the district court would impose an upward departure based on a previous "crime of violence." The question of whether Aglia's previous conviction of escape was a crime of violence was discussed both in the government's objections to the presentence report and in

the probation officer's response to the government's objections. It was therefore raised "in a party's prehearing submissions" for Rule 32(h) purposes.

We vacate Aglia's sentence, because, contrary to the district court's conclusion, escape is not a categorical crime of violence. *See United States v. Piccolo*, 441 F.3d 1084, 1089 (9th Cir. 2006).[1] Under the modified categorical approach, the record on appeal is insufficient to establish that Aglia's crime was a crime of violence. *See United States v. Kelly*, 422 F.3d 889, 895-96 (9th Cir. 2005) (holding that a PSR is insufficient to establish facts under the modified categorical approach unless the PSR indicates that the facts were taken from a document that falls within the "record of conviction"). We remand, then, for the district court to consider, under the modified categorical approach, whether the record of conviction establishes that Aglia has been convicted of a crime of violence. On remand, the record remains open for the government to introduce additional evidence related to Aglia's prior conviction for escape. *See United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc). Additional admissible evidence must adhere to the limits established in *Shepard v. United States*, 544 U.S. 13, 26 (2005).

---

[1] The district court did not have the benefit of our decision in *Piccolo* at the time it sentenced Aglia.

**VACATED AND REMANDED.**

```
                                                                    i
INTERNAL USE ONLY: Proceedings include all events.
05-10159 USA v. Aglia

UNITED STATES OF AMERICA         Marshall H. Silverberg, Esq.
     Plaintiff - Appellee        FAX 808/541-2958
                                 808/440-9259
                                 Suite 6-100
                                 [COR LD NTC aus]
                                 USH - OFFICE OF THE U.S.
                                 ATTORNEY
                                 PJKK Federal Building
                                 300 Ala Moana Blvd.
                                 P.O. Box 50183
                                 Honolulu, HI 96850


     v.

JAMES PUA AGLIA                  Robert D.S. Kim, Esq.
     Defendant - Appellant       808/329-6611
                                 Ste. A1
                                 [COR LD NTC cja]
                                 ROBERT D.S. KIM INC., a HAWAII
                                 LAW CORP.
                                 77-400 Nalani St.
                                 Kailua Kona, HI 96740
```